# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE PENNSYLVANIA STATE UNIVERSITY,** | : |
| Plaintiff | : CIVIL ACTION NO. 3:17-0826 |
| v. | : (JUDGE MANNION) |
| **SUMMER STUDY PROGRAMS, INC.,** | : |
| Defendant | : |

## MEMORANDUM

Pending before the court is the amended motion for entry of default judgment, (Doc. 10), filed by plaintiff The Pennsylvania State University, ("PSU"), against the defendant Summer Study Programs, Inc., ("SSP"), pursuant to [Fed. R. Civ. P. 55(b)(2)](). SSP is a New York business corporation with an office and principal place of business at 900 Walt Whitman Road, Melville, New York. This action arises out of the alleged breach of contract between PSU and SSP with respect to SSP's collection of more than $1 million in fees from participants in the summer 2016 program at PSU and, from SSP's failure to pay PSU the administrative fees owed or to reimburse PSU for the cost of the room and board provided to the program participants. PSU seeks to recover the damages it alleges were caused by SSP's breach of contract in the amount of $319,178.59. Since the court finds, PSU has shown prejudice if default is denied, that SSP does not have a litigable defense, and that SSP's conduct is culpable, it will **GRANT** PSU's motion for

default judgment.

I. **Procedural History & Background**

On May 10, 2017, PSU filed its complaint raising a breach of contract claim against SSP. (Doc. 1). According to the complaint, SSP is a New York corporation, which operated a summer enrichment program for several years at PSU's University Park campus. Under the program, high school aged students had the opportunity to experience college life by attending programs ranging from two to five weeks. The summer program was conducted pursuant to a 3-year contract (the "Agreement") between PSU and SSP beginning on September 1, 2013, and running through August 31, 2016. (Doc. 1-2). For each of the contract periods, "the master agreement was supplemented on an annual basis by Memorandum of Agreement ("MOA") which further specified the terms for the program the following summer." Regarding the summer of 2016 programs, PSU and SSP executed three MOA's in October 2015. (Doc. 1-4).

Based on the master agreement and the MOA's, SSP was to collect fees from each of the participants and then pay an administrative fee to PSU for each participant. SSP was also required to reimburse PSU for the cost of the students' lodging, food, and a computer fee. SSP paid all monies due and owing to PSU for the 2014 and 2015 summer programs. On September 23, 2015, PSU informed SSP that it would not be renewing their relationship after

2

the 2016 summer program ended.

In the summer of 2016, there were a total of 143 participants in the 2 week programs, 71 participants in the 3.5 week program and 26 participants in the 5 week program. SSP collected $1,033,760 from these participants. PSU met all of its contractual obligations under the program, including providing room, board and computer access to the students.

On December 2, 2016, PSU sent SSP an invoice in the amount of $319,178.59, which represented the amount SSP contractually owed to PSU. Payment from SSP was due to PSU within 30 days of the invoice. Even though SSP collected in excess of $1 million from the participants during the summer of 2016, to date, SSP has failed to pay any monies to PSU as required under the contract.

After the complaint was filed, a summons was issued on May 17, 2017, and sent to PSU. (Doc. 2). On May 22, 2017, PSU's process server personally served the complaint on SSP at its 900 Walt Whitman address by leaving it with an individual in charge of the place of business, who acknowledged knowing SSP's Chief Executive Officer, William Cooperman, since the person indicated that Cooperman "was not available right now." (Doc. 10-5). PSU filed the proof of service on June 14, 2017. (Doc. 4).

SSP failed to timely respond to PSU's complaint, and PSU filed a motion for entry of default judgment on August 3, 2017. However, the motion was dismissed without prejudice by the court since the clerk of court did not

yet enter default against SSP. On August 21, 2017, the clerk's default was entered against SSP for failure to answer or otherwise plead. (Doc. 9). On August 23, 2017, PSU filed an amended motion for entry of default judgment, with attached exhibits, pursuant to Fed. R. Civ. P. 55(b)(2), in the liquidated amount of $319,178.59. (Doc. 10, Doc. 10-6, sworn Affidavit of Joseph J. Doncsecz, PSU's Associate Vice President for Finance and Corporate Controller, and Ex. A with the attached invoices reflecting the total amount SSP owes to PSU). PSU simultaneously filed its brief in support of its motion. (Doc. 11).

On August 28, 2017, the mail containing SSP's copy of the clerk's default was returned to the court as "undeliverable." (Doc. 12). The court directed counsel for PSU to inform it of any different address available for SSP. (Doc. 13). On September 7, 2017, counsel for PSU filed a letter with the court indicating that SSP's last known address is the 900 Walt Whitman Road, Melville, New York address stated in the complaint. Counsel also advised that this remained the address listed for SSP with the New York Department of State, Division of Corporations. Counsel also provided the home address for Cooperman, i.e., 3 Stirrup Ct., Huntington, New York 11743. Counsel also indicated that Cooperman had responded to email sent to bill@creativetravelintl.com and bcooperman@summerstudy.com. (Doc. 14). On September 11, 2017, the mail sent to SSP was again returned to the court as "undeliverable." (Doc. 15). Subsequently, a copy of the default was

4

mailed to Cooperman at his home address and e-mailed to Cooperman at the e-mail addresses provided by counsel for PSU.

To date, SSP has neither responded to PSU's complaint nor to the default entered against it. SSP has not responded to PSU's amended motion for entry of default judgment. Further, counsel has not entered an appearance on SSP's behalf and SSP has not filed any document with this court regarding this case.

## II.     DISCUSSION

Rule 55(a) provides that the clerk must enter a party's default when the defendant has failed to plead or otherwise defend an action seeking affirmative relief, as shown by affidavit or otherwise. "Once the Clerk enters default, if the claim is not for a sum certain as contemplated by Federal Rule 55(b)(1), then 'the party must apply to the court for a default judgment.'" Reser's Fine Foods, Inc. v. Van Bennett Food Co., Inc., 2015 WL 6103637, *2 (E.D.Pa. Oct. 16, 2015) (citing Fed. R. Civ. P. 55(b)(2)); *see also* Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521 n.1 (3d Cir. 2006) (Third Circuit noted that only after the clerk has entered a default under Rule 55(a) may the court entertain a motion for default judgment under Rule 55(b)(2)). Entry of default judgment is within the sound discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). A district court's refusal to enter default judgment will be

subject to review under the abuse of discretion standard. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). If the court determines that defendant is in default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, Fed. Prac. & Proc. Civ. §2688 (3d ed.)).

### A. Default Judgment

"[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Reser's Fine Foods, 2015 WL 6103637, *2 (citations omitted). In this case, the court has diversity jurisdiction under 28 U.S.C. §1332 since PSU is a Pennsylvania non-profit corporation and SSP is a New York corporation, and the amount in controversy exceeds $75,000.The court also finds that it has personal jurisdiction over SSP because it is a New York corporation being sued by a Pennsylvania corporation. Venue is also proper in this court under 28 U.S.C. §1391. (Doc. 1). PSU has satisfied the technical requirements for the court's entry of default judgment. PSU personally served SSP with a copy of the summons and complaint by serving a person who knew Cooperman and who was in charge of the registered place of business for SSP. (Doc. 10-5).

The court also finds that PSU complied with Fed.R.Civ.P. 4(h) and (e),

and with Pa.R.C.P. 424(2), for properly serving a corporation. SSP did not serve an answer on PSU, as required by Fed. R. Civ. P. 12(a)(1). Nor has SSP appeared or otherwise defended the case. The clerk of court has entered default upon PSU's motion for entry of default, which was accompanied by the sworn Affidavit of James M. Horne, counsel for PSU. (Docs. 8 & 9).

Next, the court finds that PSU has established a valid breach of contract cause of action against SSP based on PSU's complaint and exhibits. The elements of breach of contract under Pennsylvania law are: 1) the existence of a contract, including its essential terms; 2) a breach of a duty imposed by the contract; and 3) resultant damages. Core States Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999); Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003). PSU and SSP entered into a contract, i.e., the Agreement, PSU has performed its obligations under the Agreement and the MOA's, and SSP has breached its contractual obligations by failing to pay PSU the amount of $319,178.59 which is due and owing under the Agreement and the MOA's. (Doc. 1-5).

Since the court has found that PSU has alleged a valid breach of contract claim against SSP, the court must next consider the three *Chamberlain* factors to determine if a default judgment is appropriate. The three factors annunciated in *Chamberlain,* 210 F.3d at 164, are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have

a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *See also*, United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).

Initially, "[p]rejudice to the plaintiff exists where denial of a default judgment would 'impair the plaintiff's ability to effectively pursue his or her claim.'" Reser's Fine Foods, 2015 WL 6103637, *4 (citations omitted). "Where, as here, a defendant fails to respond to the complaint, the potential delay threatens to carry on indefinitely, and that potential delay establishes prejudice to the plaintiff." Id. It is also evident that SSP's continued failure to pay the amount it owes to PSU under the Agreement and MOA's has harmed PSU since it has been deprived of a significant amount, i.e., $319,178.59, and the repayment of the money owed to PSU has been delayed. Since the court finds that PSU will be prejudiced if default judgment is denied, the court concludes that the first factor weighs in PSU's favor.

Second, SSP has failed to respond to PSU's complaint. Nor has SSP asserted any substantive defense to the PSU's claim of breach of contract. SSP did not file any brief in opposition to PSU's instant motion. Thus, SSP appears not to contest that the stated amount is due to PSU. Indeed, "the court may presume that an absent defendant who has failed to answer has no meritorious defense." Id. (citation omitted). As such, the court finds that SSP has no litigable defense to PSU's claim; thus, the second factor weighs in PSU's favor.

In order to prove SSP's culpability, "more than mere negligence must be demonstrated." Nationwide, 175 F. App'x at 523 (quotations omitted). "Reckless disregard for repeated communications from plaintiffs and the court" may be sufficient to demonstrate culpability. *Id*. (quoting Hritz, 732 F.2d at 1183). Here, SSP did not answer, appear, or plead in response to PSU's summons and complaint; PSU's motion for default and entry of default; the original motion for default judgment; or the amended motion for default judgment. SSP's refusal to engage in this litigation rises to the level of reckless disregard in light of the repeated failure to respond to filings in this case and it establishes SSP's culpability. Moreover, "the defendant's failure or refusal to 'engage[ ] in the litigation process and [to] offer[ ] no reason for this failure or refusal' may 'qualif[y] as culpable conduct with respect to the entry of a default judgment—indeed, for the Court to conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative.'" Reser's Fine Foods, 2015 WL 6103637, *4 (citations omitted).

Therefore, based on the three *Chamberlain* factors, default judgment against SSP is warranted in this case.

### B. Amount of Judgment

With respect to the actual amount owed to the plaintiffs, "[a]lthough the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain." Int'l Painters & Allied Trades Indus. Pension Fund v.

[Davanc Contracting, Inc., 808 F. Supp. 2d 89, 94 (D.D.C. 2011)](). In the amended motion for default judgment, PSU requests judgment against SSP in the amount of $319,178.59, plus interest and costs of suit, seemingly including attorney's fees.

In Reser's Fine Foods, 2015 WL 6103637, *4, the court discussed damages in the context of a motion for default judgment and stated:

> If the court determines that the plaintiff has stated a cause of action, it must then assess damages." [Joe Hand Promotions, Inc. v. Yakubets, 3 F.Supp.3d 261, 270-71 (E.D.Pa. 2014)]. "The court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" Spring Valley Produce, Inc. v. Stea Bros., 2015 WL 2365573, at *3 (E.D. Pa. May 18, 2015) (quoting Star Pacific Corp. v. Star Atlantic Corp., 574 Fed.Appx. 225, 231 (3d Cir. 2014)). Rule 55(b)(2) provides that the court "may conduct hearings" when it needs to determine the amount of damages. However, "[i]f the court can determine the amount of damages to be awarded based on affidavits or other evidentiary materials, '[t]he Court is under no requirement to conduct an evidentiary hearing with testimony.'" Id. at 271 n.8 (quoting E. Elec. Corp. of N.J. v. Shoemaker Constr. Co., 657 F. Supp. 2d 545, 552 (E.D. Pa. 2009)).

In this case, there is no doubt that PSU's claim is for a liquidated sum in the amount of $319,178.59 and PSU's exhibits sufficiently demonstrate that SSP owes PSU this the amount due to SSP's breach. Nonetheless, PSU states that while it could have requested the clerk to enter default judgment in the stated amount pursuant to Fed.R.Civ.P. 55(b)(1), "out of an abundance of caution and to preclude any future collateral attack on the validity of [its] judgment, [it] has chosen to proceed under Rule 55(b)(2) and requests the

Court to schedule a hearing to affirm that judgment in the amount requested is properly entered." (Doc. 11 at 6).

As stated above, since this court has found that it can ascertain the amount of PSU's damages with reasonable certainty based on the evidentiary materials submitted by PSU, it is not required to conduct an evidentiary hearing with testimony. Thus, the court declines PSU's request to conduct a hearing as to the amount of damages. However, since the court is not presently able to ascertain the amount of pre-judgment interest and costs which PSU is seeking, and it is not clear if PSU is seeking reasonable attorney's fees and, if so, under what basis it is entitled to such fees, it will direct PSU to file a brief with the necessary evidentiary materials to support its claim for the stated amounts. *See* Reser's Fine Foods, 2015 WL 6103637, *5-*6; *see also* Toshiba America Medical Systems Inc. v. Valley Open MRI, 2017 WL 1493483 (M.D.Pa. April 26, 2017). Further, if PSU is seeking attorney's fees, when it files its brief in support of its request it must include documentation specifying the number of hours spent by each attorney involved with the case and the rates charged, as well as other relevant billing information supporting its requested fees pursuant to McMullen v. Kutz, 603 Pa. 602, 985 A.2d 769, 774 (2009). *See* Toshiba America Medical Systems Inc. v. Valley Open MRI, 674 Fed.Appx. 130 (3d Cir. 2016). After PSU files its brief with supporting evidence, the court will decide if a hearing is necessary to determine the reasonableness of the costs and attorney's fees requested.

### III. CONCLUSION

For the reasons discussed above, PSU's amended motion for entry of default judgment against SSP, (Doc. 10), is **GRANTED**. **JUDGMENT** in the amount of $319,178.59 will be **ENTERED** in favor of PSU and against SSP. The court will direct PSU to file a brief with the necessary evidentiary materials to support its claim for pre-judgment interest and costs as well as reasonable attorney's fees. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 29, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0826-01.wpd